ALFRED T. SMITH, plaintiff in error, vs. JAMES M. SMITH, defendant in error.

That there is a mere preponderance of evidence against the verdict, is not sufficient to authorize the granting of a new trial.

Action on sealed note, and motion for a new trial. Tried before Judge CROOK, in Chattooga Superior Court, March Term, 1859.

This was an action by Alfred T. Smith, against James M. Smith, on a sealed note, dated 13th day of June, 1832, pay-

able one day after date to John W. Smith, or bearer, for one hundred and fifty-seven dollars. On the note was endorsed the following credit: "I received on the within note 23 dollars and 75 cents, this the 29th October, 1851."

Defendant pleaded *non est factum*.

Plaintiff proved by W. H. Smith, that he made the credit on the note, and it was made by the direction of defendant. The credit was made under the following circumstances: Witness's father held a forty dollar note on defendant, and bought a horse from him and gave him up the forty dollar note, and placed the balance agreed to be paid for the horse as a credit on the note sued on. The credit was entered at the time it purports to bear date. He handed the note to to defendant at the time he placed the credit on it, and defendant said it was all right.

Plaintiff then offered and read in evidence the note, and closed.

On the part of defendant, the following letter, written by plaintiff to defendant, was offered in evidence, to the introduction of which plaintiff objected. The Court overruled the objection, and plaintiff excepted.

"RESACA, January 15th, 1855.

UNCLE JIM:

Since I came home I have made general inquiry about the Roberson notes, and I find I will be able to prove that father had the note, but gave it back to you, stating he had no use for it, and you took it, and also that you agreed to the credit on the note that I sued you on. Now it is contrary to my feelings to join issue with you any further, and will propose to you this: If you will pay the costs, which is only five or six dollars, I will dismiss the suit. I propose this from this fact, I do not wish to join in law with relations; therefore, if you are willing to act upon this principle, let me know by letter as soon as you receive these lines, for I can save trouble by taking out interrogatories. It is just

with you now to say what shall be done. Our folks are well, &c.

Yours truly,

A. T. SMITH.

Defendant then offered and read in evidence, another letter from plaintiff, dated Resaca, 10th June, 1856, informing defendant that he would be able to prove that the credit was entered on the note in his presence, and with his approval, assuring him that he wanted no advantage, and asking him to come up, and he thought they could fix it up, &c.

Defendant further proved by several witnesses that they were acquainted with his handwriting, and did not think that the signature to the note sued on was his. He also proved by the Clerk of the Superior Court of Chattooga county, that after the suit was brought defendant came to him and showed him a letter from plaintiff, in which he proposed to dismiss said suit against defendant, if he would pay the cost; and that defendant proposed to pay him (witness) the cost, which he declined to receive; did not feel authorized to dispose of the case without consulting plaintiff's attorney.

The testimony here closed, and the presiding Judge charged the jury, "that the plea of *non est factum* was a part of the pleadings, and that that plea merely put the plaintiff upon proof of the note sued on. The law did not require him to prove its execution by one who witnessed its execution, as the only method of proving it, but that this was only one way to prove it, and it might be proved by any other evidence which would satisfy them that the defendant executed it or recognized it as his own, as by an acknowledgement; and if they believed defendant executed the note, or recognized it, that was sufficient to charge him; but if they did not believe that he executed or recognized it, or if it had been altered in a material part, and the seal or date was a material part, without defendant's consent, then they should find for the defendant." And in reference

to the proposition to settle the case, the Court charged the jury, that if the plaintiff proposed to settle or dismiss the suit upon the payment of the cost by the defendant, who accepted the offer within the time limited by plaintiff, and notified him of said acceptance, and tendered the amount of the cost they might find for the defendant; and if no time was named within which the proposition was to be accepted, then if defendant accepted it within a reasonable time, it is sufficient; but if defendant failed to accept the proposition as aforesaid, they should find for plaintiff.

The jury found for the defendant. Whereupon· the plaintiff's counsel moved for a new trial, upon the grounds, that the verdict was contrary to the charge of the Court— contrary to the evidence, and to the law; and because the Court erred in admitting in evidence the letter above stated, and in the latter portion of the charge above stated.

The Court refused the motion for a new trial, and counsel for plaintiff excepted, and assigns said refusal as error.

DABNEY, for plaintiff in error.

SHROPSHIRE, contra.

By the Court.—BENNING J. delivering the opinion.

Was the Court below right in refusing the motion for a new trial? We think so.

The main ground of the motion, urged here, was, the ground, that the verdict was contrary to the evidence. The issue was on the plea of *non est factum.* The verdict was in favor of the plea. The question on this ground, therefore, is, was the "weight of the evidence decidedly and strongly" against the plea?

The whole evidence against the plea consisted in the testimony of one witness, on one matter—consisted in the testimony of W. H. Smith, on the matter of the credit

entered on the note. His testimony was sufficiently positive, on that matter; it was, that he himself made the credit, and made it, by the direction of the defendant. And if this was true, if the defendant did make a payment on the note it authorizes a strong inference that the note was his.

But this testimony is greatly weakened by several things. 1st. The note was a sealed note, and the credit, which was for only two or three dollars, was entered just before the time at which the note would go out of date, as if, merely, to save it from going out of date. 2d. The witness was the brother of the plaintiff. 3d. Not only so; the note, probably belonged to the estate of the witness's father, and, therefore, was a note in which he, as heir to his father, had an interest. 4th. The letters show, that the defendant disputed the credit. 5th. They also show, that the plaintiff was willing to abandon the note, if the defendant would pay the costs of the action, which costs did not amount to more than $5 00 or $6 00. 6th. Five witnesses swore, that they did not think the signature that of the defendant. True this testimony was not worth a great deal, for the time when those witnesses saw the defendant write, was many years before the time when they testified. But then, *per contra*, the time when the note bore date, was many years before the time when they testified.

Now we think that, all of these things considered, the evidence for the plea, almost, if not quite, balances the evidence against the plea. And if the evidence did this, it is not true, that the weight of the evidence, was strongly and decidedly against the plea. And, consequently, it is not true, that the weight of the evidence, was strongly and decidedly against the verdict.

This ground involves all of the grounds except two. Of those two, the one was the admission of the letters of the plaintiff, to the defendant; the other, the charge, that if the plaintiff offered to settle or dismiss the case, on the defen-

dant paying the costs, and the defendant accepted the offer, and duly tendered the costs, the plaintiff was bound by his offer, and the jury ought to find for the defendant.

That the letters were admissible, is clear, if proof about the compromise was admissible. Was proof about that admissible, seeing, that there had been no performance of what, by the compromise, the defendant was to do; viz: pay the costs, but only an offer to perform? And this resolves itself into the question, was the charge as to the compromise right?

We have much doubt on this point. But we rather think, that as the case stood, the charge was allowable. As the case stood, the presumption was, that the note was not the note of the defendant, for the case stood with a plea of *non est factum* in. If it was not his note, his liability for the costs, was only secondary, only conditional—depending on whether the plaintiff should be able to pay them or not, whilst the liability of the plaintiff to pay them was primary and absolute. Therefore, a promise by the defendant to pay the costs was, on the presumption aforesaid, a thing of *value* to the plaintiff; it was a promise to pay what, otherwise, he would have had to pay, and to pay as his own debt; and being of value to him, it was a sufficient consideration, to support his promise to dismiss or abandon, the action. We rather think, then, that the charge, which in effect held the compromise to be binding, though there had been no payment of the costs, but only an offer to pay them, was not erroneous.

But still we have great doubt on this point—doubt whether in such a case, any thing short of actual performance of the promise, will do. The point was barely mentioned; it was not argued.

Judgment affirmed.